■ LAVERNE M. SEARING, Appellant, v. RANDALL CADILLAC CORP. et al., Respondents.— Motion to dismiss appeal granted, with $10 costs, and appeal dismissed. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ RUTH W. BENAJAM, Appellant, v. ALBERT H. BENAJAM, Respondent. — In an action by a wife for separation, an order dated July 28, 1958 directed her husband to pay $50 a week temporary alimony and a counsel fee of $500 to prosecute the action, awarded her custody of their child and granted the husband rights of visitation. An order dated August 22, 1958 denied the wife's motion for a counsel fee and expenses to prosecute her appeal from the order dated July 28, 1958. The wife appeals (1) from the order dated August 22, 1958 and (2) from so much of the order dated July 28, 1958 as (a) awarded alimony and a counsel fee, on the ground of inadequacy, and (b) granted rights of visitation, on the grounds of improvidence and excessiveness. Order dated July 28, 1958, insofar as appealed from, and order dated August 22, 1958, affirmed, without costs. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ARTHUR DANIELS, Appellant, v. CHARLES BRAVERMAN, Respondent.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion to strike an item from respondent's demand for a bill of particulars. Order affirmed, without costs. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ANNA HUNSTEIN, Respondent, v. PHILIP HUNSTEIN, Appellant.— In an action to recover money claimed to be due under a separation agreement, on a written account rendered in connection therewith, and under a further agreement contained in the account, the appeal is from an order granting respondent's motion for partial summary judgment and from the judgment entered thereon. Order and judgment reversed, with $10 costs and disbursements, and motion denied. Appellant's deposition, upon which respondent herself relies, is to the effect that a loan of $10,000 from a named corporation was made not to appellant alone, but to appellant and respondent jointly. Accordingly, a triable issue of fact exists as to whether the loan was an indebtedness on the part of appellant such as was contemplated in the agreement contained in the account, that is, the existence of which would require appellant to pay respondent half the amount of the indebtedness. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Estate of CHARLES C. ARBUTHNOT, Deceased. MARY E. ARBUTHNOT, Appellant; GRACE HAYES et al., Respondents.— Appeal from a decree of the Surrogate's Court, Nassau County, denying appellant's petition for letters of administration. Decree unanimously affirmed, with one bill of costs, payable to respondents by appellant personally. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [4 Misc 2d 725.]

■ In the Matter of the Probate of the Will of ALBERT SUSSMAN, Deceased. GLORIA NAPOLIN, Appellant; JOHN F. MIDDLEMISS, Respondent.— Appeal from an order of the Surrogate's Court, Kings County, fixing at $15,000 the compensation of respondent, an attorney (Surrogate's Ct. Act, § 231-a) for services rendered to appellant, the contestant in the probate proceeding. Under the terms of a settlement agreement by all interested parties, such fee was made a charge on the estate. Order unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.